# GUARINO & CO.
## LAW FIRM, LLC

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: __1/9/2023__

*Please direct all mail to our Main Office*

**Philip L. Guarino, Esq. (NJ Bar)**
Direct:   973/272-4147
Fax:      973/528-0635
E-mail:   guarinolaw@gmail.com

**Main Office**
300 Main Street, Suite 552
Madison, NJ 07940
973/348-6008

**Of Counsel:**
**Charles D. Hellman, Esq.**
Direct:   203/722-0297
Fax:      646/417-7220
E-mail:   cdh@hellmanlaw.org

**Rochelle Park**
365 W. Passaic Street, Suite 275
Rochelle Park, NJ 07662

**New York**
535 Fifth Avenue, 4th Floor
New York, NY 10017

December 29, 2022

**BY ECF**

Magistrate Judge Stewart D. Aaron
United States District Court
Southern District of New York
500 Pearl Street – Room 1970
New York, New York 10007-1312

> Re: ***Askmo v. D.B.F. Collection Corp.,***
> **Case No.: 1:22-CV-00565-AT-SDA**

Dear Judge Aaron:

This firm represents defendant D.B.F. Collection Corp. ("Defendant") in the above-referenced matter.  Defendant respectfully submits this letter motion with respect to the plaintiff's December 23, 2022 response to the document requests by Defendant, and the directions to plaintiff not to answer questions, at plaintiff's deposition.[1]

Initially, Defendant notes that plaintiff has not filed the specific sworn declaration or affidavit regarding his answers to deposition questions required by the Court (Docket Entry 44) after plaintiff had submitted his December 23 response.

## 1. DOCUMENTS REQUESTED AT PLAINTIFF'S DEPOSITION

**a. E-mails between plaintiff and the broker through whom plaintiff procured the apartment in question, the unpaid rent for which constitutes the debt that was sought to be collected by Defendant.  [ 27:4 – 18 ]**

---

[1] Defendant will not burden the Court with detailed responses to plaintiff's various *ad hominem* attacks in his December 23 submission other than to deny them all out of hand.

GUARINO & CO. LAW FIRM, LLC

Hon. Stewart D. Aaron
December 29, 2022
Page 2

Plaintiff has produced certain documents. However, he has also objected to this request and not stated that the documents produced constitute *all* documents responsive to the request. Plaintiff should be required to affirmatively represent that all such documents have now been produced, and that no documents are being withheld on the basis of the asserted objection.

**b. Plaintiff's bank statements for the time that he occupied the apartment, and checks issued by plaintiff as payment of rent. [ 46:1 – 47:12 ]**

Plaintiff responds that he is not currently in possession of copies of *payments* made by him on the apartment in question. The response does *not* represent that plaintiff is not in possession of his *bank statements* for period in issue. This leaves open whether plaintiff is withholding such bank statements on the basis of the objections asserted to the request. Plaintiff should be required to affirmatively state whether or not he possesses such statements but is withholding same.

Moreover, unless plaintiff swears he is not in possession of such statements, he should be ordered to produce same. Plaintiff's objections to production of his bank statements are unavailing. To Defendant's understanding, plaintiff testified he had one bank account during the one-year period in 2019-2020 for which the documents are sought. Contrary to plaintiff's objections, there is no lack of specificity in the request and no speculation required of plaintiff in responding to it.

**c. Any writings by which plaintiff requested clarification from the landlord or the apartment's managing agent as to the exact amount of rent he owed, including various late fees and other fees. [ 66:1 – 16 ] [ 101:3 – 21 ]**

The request sought all *writings* on the subject identified. Plaintiff responds only that he is not in possession of any *e-mails*. He should be required to supplement his response to directly state he has no such writings of any type falling within the request, or else to produce same.

**d. Any mailings from New York University (the school he was attending in 2021), and from anyone else, directed to plaintiff and delivered at his parents' address during 2021 only. [ 146:5 – 147:9 ]**

Plaintiff's response is at best muddled and opaque, leaving entirely unclear whether he is representing that he does not possess the documents called for or simply is refusing to produce them. The request bears directly on the questions of whether plaintiff gave NYU the address in question as an address for him in 2021 and whether he received any mail from anyone directed to him at that address during that one year. This in turn bears on whether he received documents during 2021 regarding the debt he owed on the apartment – which he testified he could not recall. Plaintiff should be required to produce the documents in question.

## 2. QUESTIONS THAT PLAINTIFF WAS DIRECTED NOT TO ANSWER

**a. What understanding plaintiff had as to how sorting out "legal issues" of *any* type would protect his credit score. [ 118:10 – 125:13 ]**

**GUARINO & CO. LAW FIRM, LLC**

Hon. Stewart D. Aaron
December 29, 2022
Page 3

Plaintiff's "response" is not responsive.  He objects to being required to answer what he understood to be the "legal issues" as referred to by him.  That is *not* the question he was directed not to answer and to which Defendant seeks an answer.

To make this completely clear, Defendant repeats the pertinent portion of its December 21, 2022 letter:

> Plaintiff testified that he believed sorting out "legal issues" would protect his credit score.  After initially being instructed not to answer what he understood those "legal issues" to be, plaintiff answered that he didn't recall.  His counsel then directed him not to answer the above follow-up question.  Defendant is entitled to an answer to this question, because it bears on whether the alleged protection of plaintiff's credit score was a genuine concern of his, and is relevant to whether plaintiff suffered any actual damage and whether this action was brought in bad faith and for the purpose of harassment.

Plaintiff should be directed to answer this question that was prompted by his own testimony.

**b.  Whether plaintiff's father is obligated to pay plaintiff's counsel in this matter, or has agreed to pay plaintiff any legal expenses due plaintiff's counsel.  [ 175:3 – 176:16 ]**

Plaintiff's response is that his father has agreed to pay him any legal expenses he would "*potentially*" have to pay his counsel.  Defendant has no idea why plaintiff inserted this qualifier.  Defendant respectfully requests that plaintiff be directed to clarify that his answer encompasses legal expenses both actually or potentially due to plaintiff's counsel.

Defendant respectfully submits that plaintiff should be compelled to produce the foregoing requested documents, and to answer the foregoing questions that he was improperly directed not to answer.

Respectfully,

Charles D. Hellman

cc:  Abel L. Pierre, Esq. (by ECF) (w/enc)

Defendant's 12/29/2022 Letter Motion (ECF No. 45) IS DENIED on two independent grounds:
(1) The Letter Motion is untimely. The Court's 12/24/2022 Order (ECF No. 44) provided that, if Defendant believed that the responses provided by Plaintiff with its 12/23/2002 letter were inadequate, then Defendant must file a letter motion seeking to compel further responses no later than 12/28/2022. Defendant missed the applicable deadline and did not seek to have the deadline extended.
(2) In his 1/4/2023 Letter Response (ECF No. 47), Plaintiff stated on page 3 that "all outstanding matters which stemmed from Plaintiff's deposition are now moot," and Defendant failed to file a reply to such response by the 1/6/2023 deadline to do so. Based upon the Court's review of the requests and the responses, the Court agrees with Plaintiff.

SO ORDERED.
Dated: 1/9/2023