```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: _02/12/2024_
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MAXIMILLIEN ASKMO,

                Plaintiff,

-against-

D.B.F COLLECTION CORP.,

                Defendant.

22 Civ. 565 (AT)

**ORDER**

ANALISA TORRES, District Judge:

    Plaintiff, Maximillien Askmo, brings this action against Defendant, D.B.F. Collection Corp., claiming that Defendant's conduct while pursuing a debt owed by Askmo violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* (the "FDCPA"). *See generally* Compl, ECF No. 1. Pursuant to Federal Rule of Civil Procedure 56, Askmo moves for partial summary judgment on the issue of liability.[1] Pl. Mot., ECF No. 52; *see* Pl. Mem., ECF No. 53. For the reasons stated below, Askmo's motion is DENIED.

## BACKGROUND[2]

    While attending college, Askmo rented an apartment in New York City. Compl. ¶ 16; Pl. Mem. at 1. Manhattan Skyline Management Corp. ("Skyline") was the property manager for the apartment building. Pl. Mem. at 2. Plaintiff states that he "vacated the apartment after the proliferation of the coronavirus pandemic" in 2020. *Id.* at 2. When he left the apartment, "[t]he landlord alleged that Plaintiff owed an outstanding debt." Compl. ¶ 16.

---

[1] Although styled as a motion for summary judgment, Askmo's motion, which seeks only a ruling on liability and offers no evidence as to his claimed damages, is a motion for partial summary judgment. *See Maguire v. Citicorp Retail Servs., Inc.*, 147 F.3d 232, 235 (2d Cir. 1998).

[2] The facts in this section are taken from the parties' Rule 56.1 statements, responses, and declarations, unless otherwise noted. Disputed facts are so noted. "[W]here there are no citations[,] or where the cited materials do not support the factual assertions in the [s]tatements, the Court is free to disregard the assertion." *Holtz v. Rockefeller & Co.*, 258 F.3d 62, 73 (2d Cir. 2001) (alteration and citation omitted). On a motion for summary judgment, the facts must be read in the light most favorable to the non-moving party. *Id.* at 69.

Defendant, a debt-collection agency, was retained by Skyline to collect Plaintiff's alleged debt. Pl. 56.1 ¶¶ 1, 4, 6, ECF No. 54; Def. 56.1 Resp. at 1 ¶¶ 1, 4, 6, ECF No. 64.[3] Defendant claims that "Plaintiff did not finish paying the base rent under the lease," having "never paid rent for July or August, 2020." Def. 56.1 Resp. at 5 ¶¶ 25–26.

On November 30, 2021, Defendant's employee, Lisa Pope, sent an email to Askmo's mother and then "directly contacted and spoke with" her by telephone. Pl. 56.1 ¶¶ 7–8;[4] Def. 56.1 Resp. at 1 ¶¶ 7–8; *see* Pope Decl. ¶ 2, ECF No. 61; ECF No. 56-6 (email from Pope[5] to Askmo's mother). Askmo's parents were not signatories to the lease. Pl. 56.1 ¶ 11; Def. 56.1 Resp. at 2 ¶ 11. Defendant never obtained written authorization from Askmo to speak with his parents. Pl. 56.1 ¶ 12; Def. 56.1 Resp. at 2 ¶ 12. But, Pope claims that during "a telephone conversation with Askmo" prior to November 30, 2021, Askmo "expressly authorized [Pope] to contact his parents." Pope Decl. ¶ 2; *see* Def. 56.1 Resp. at 2 ¶ 12, 3 ¶ 3.

## LEGAL STANDARD

Summary judgment is appropriate where the record shows that there is no genuine dispute as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); *see Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–48 (1986); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–26 (1986). A genuine dispute exists "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson*, 477 U.S. at 248.

---

[3] On April 22, 2023, Defendant filed—in one document—its response to Plaintiff's 56.1 statement and a statement of additional material facts. *See* Def. 56.1 Resp., ECF No. 64. The Court, therefore, includes page and paragraph numbers to specify whether it is referring to Defendant's 56.1 response or the statement of additional material facts.

[4] Plaintiff's Rule 56.1 statement states that the email and phone call occurred "on or about November 30, 2022," but—in light of the cited exhibits—the Court understands this to be a typographical error.

[5] Pope uses a "desk name" to protect her identity from people who might get upset at her collection efforts; this name, Lisa Marino, is the name used in the email. Def. Mem. at 4, ECF No. 62. The only persons who worked for Defendant are Pope and David Friedman. Pope Decl. ¶ 8.

The moving party initially bears the burden of demonstrating the absence of a genuine dispute of material fact by citing evidence in the record.  *See Celotex*, 477 U.S. at 323–24; *Koch v. Town of Brattleboro, Vt.*, 287 F.3d 162, 165 (2d Cir. 2002).  If the moving party meets its initial burden, the burden then shifts to the opposing party to establish a genuine dispute of material fact.  Fed. R. Civ. P. 56(c)(1); *Beard v. Banks*, 548 U.S. 521, 529 (2006); *PepsiCo, Inc. v. Coca-Cola Co.*, 315 F.3d 101, 105 (2d Cir. 2002) (per curiam).  In doing so, the non-moving party "may not rely on conclusory allegations or unsubstantiated speculation," *Scotto v. Almenas*, 143 F.3d 105, 114 (2d Cir. 1998), as "unsupported allegations do not create a material issue of fact," *Weinstock v. Columbia Univ.*, 224 F.3d 33, 41 (2d Cir. 2000).  On a motion for summary judgment, courts view the record in the light most favorable to the non-moving party.  *Koch*, 287 F.3d at 165.

## DISCUSSION

The FDCPA "establishes certain rights for consumers whose debts are placed in the hands of professional debt collectors for collection."  *Easterling v. Collecto, Inc.*, 692 F.3d 229, 233 (2d Cir. 2012) (citation omitted).  This includes a limitation on how debt collectors can contact third parties.  In relevant part, the statute states that:

> [W]ithout the prior consent of the consumer given directly to the debt collector, . . . a debt collector may not communicate, in connection with the collection of any debt, with any person other than the consumer, his attorney, a consumer reporting agency if otherwise permitted by law, the creditor, the attorney of the creditor, or the attorney of the debt collector.

15 U.S.C. § 1692c(b).[6]

Askmo contends that Defendant violated the statute by emailing and calling his mother about his debt on November 30, 2021, without receiving written authorization.[7]  Pl. Mem. at 2–3.

---

[6] The FDCPA contains three exceptions to this prohibition, which are not applicable here.  15 U.S.C. § 1692c(b).

[7] Although Askmo claims that Defendant "repeatedly communicate[d] with [his] parents," Pl. Mem. at 3, he offers evidence only of the email and call to his mother on November 30, 2021.  Pl. Mem. at 3; *see* Pl. 56.1 ¶¶ 7–9; Def. 56.1 Resp. at 1 ¶ 9.

3

Defendant concedes that it "never obtained written authorization . . . to contact any third parties," but claims that Askmo orally authorized Defendant to contact his parents during a phone call with its employee, Pope. Def. 56.1 Resp. at 2 ¶ 12, 3 ¶ 3; Pope Decl. ¶ 2. Askmo does not rebut Defendant's claim that he provided oral authorization. *See* Pl. 56.1 ¶ 12 (claiming only that Askmo did not provide "written authorization").

Although summary judgment may be warranted for Askmo if Section 1692c required his written consent, the statute contains no such requirement. When construing the FDCPA, the Court "begin[s] with the plain language, giving all undefined terms their ordinary meaning." *Vangorden v. Second Round, L.P.*, 897 F.3d 433, 437 (2d Cir. 2018) (citation omitted). The FDCPA states that the consumer's "prior consent" to contact third parties must be "given directly to the debt collector." 15 U.S.C. § 1692c(b). "Directly" means "without the intervention of a medium or agent." *Directly*, Oxford English Dictionary, https://www.oed.com/dictionary/directly_adv?tl=true (last visited Jan. 31, 2024). By contrast, in the very next subsection, the statute specifies that a debt collector must cease communications with the consumer "[i]f a consumer notifies a debt collector *in writing*" that the consumer refuses to pay or wants the debt collector to stop communications. 15 U.S.C. § 1692c(c) (emphasis added). The Court shall not impose a writing requirement when the plain language of the statute does not require it and where, "as here, Congress has shown that it knows how to adopt the omitted language or provision." *Rotkiske v. Klemm*, 140 S. Ct. 355, 361 (2019); *see Bloom v. Azar*, 976 F.3d 157, 161 (2d Cir. 2020) (drawing a negative implication from an omitted term when "it is fair to suppose that Congress considered the unnamed possibility and meant to say no to it").[8] As such, because oral consent is sufficient to authorize third-party contact under the FDCPA, and

---

[8] Although the Court is not aware of cases previously interpreting the "directly" provision, the Consumer Financial Protection Bureau—which is charged with prescribing rules related to debt collection, 15 U.S.C. § 1692*l*(d), *id.* § 1692a(1)—has adopted the same interpretation of the statute, which does not impose a "writing" requirement. 12 C.F.R. § 1006.6, cmt. 6(d)(4)(i)(B), available at https://www.consumerfinance.gov/rules-policy/regulations/1006-interp-6/#6-d-2-Interp-1.

because Defendant claims that Askmo provided such consent in a phone call with its employee, the Court cannot grant summary judgment to Plaintiff.[9]

Askmo also contends that Defendant violated other FDCPA provisions—namely, improperly contacting a third party to acquire location information; engaging in harassing conduct; utilizing false, deceptive, and misleading representations; and employing unfair and unconscionable means to collect a debt, in violation of 15 U.S.C. §§ 1692b(2)-(3), 1692d, 1692e, and 1692f, respectively. *See* Pl. Mem. at 10. Each of these purported violations is based on the same communications to Askmo's mother—and the same claimed lack of authorization—that underpin his Section 1692c claim. *Id.* at 10–13.

But, even if Askmo had not consented to the communications, he has not demonstrated that Defendant violated these other FDCPA provisions. Section 1692b only applies to a debt collector's communications "for the purpose of acquiring location information," 15 U.S.C. § 1692b, and Askmo does not claim that the call with his mother concerned his location. *See* Pl. Mem. at 10–11. One phone call and one email to Askmo's mother does not, as a matter of law, constitute harassment under Section 1692d. *See Starkey v. Firstsource Advantage, LLC*, No. 07 Civ. 662, 2010 WL 2541756, at *5 (W.D.N.Y. Mar. 11, 2010) ("[P]laintiff offers no legal basis for this Court to conclude that as few as 6 or as many as 14 calls in a two[-]month period to pursue a legitimate debt, without more, are *per se* in violation of the FDCPA."). Next, Askmo's Section 1692e claim fails because he does not allege that the communications to his mother included false or misleading representations. *See* Pl. Mem. at 12–13; *Loeffler v. Wong Fleming, P.C.*, No. 23 Civ. 1098, 2023 WL 8039263, at *4 (S.D.N.Y. Nov. 20, 2023) (dismissing plaintiff's claim for "fail[ing] to allege that any affirmative representation . . .

---

[9] If Askmo had not consented, Defendant could still avoid liability by "show[ing] by a preponderance of the evidence that the violation was not intentional and resulted from a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid any such error." 15 U.S.C. § 1692k(c). Because there is a triable issue of fact as to Askmo's purported consent, which precludes a judgment in his favor, the Court shall not reach this issue.

is materially false"). Finally, Section 1692f lists examples of "unconscionable means to collect or attempt to collect a debt," such as collecting an invalid debt or threatening property dispossession without a legal right. *See* 15 U.S.C. § 1692f. The fact that Defendant contacted Askmo's mother does not, by itself, "resemble any of the violative conduct." *Loeffler*, 2023 WL 8039263, at *5.[10]

## CONCLUSION

For the foregoing reasons, Plaintiff's motion for partial summary judgment is DENIED. By separate order, the Court shall refer the matter for settlement. In due course, the Court shall issue an order setting a trial date and pre-trial deadlines.

SO ORDERED.

Dated: February 12, 2024
       New York, New York

_____
ANALISA TORRES
United States District Judge

---

[10] Defendant also offers evidence that Askmo's parents were involved in the payment of his rent, *see* Def. 56.1 Resp. at 2 ¶ 11 (noting that Askmo's father "acquired a bond to pay the lease's security deposit and arranged to obtain renters insurance"), and had been previously contacted by the apartment's property manager without Askmo complaining—all evidence that counters Plaintiff's claim that the means used by the debt collector were unconscionable. ECF No. 60-1; Def. 56.1 Resp. at 3 ¶ 1, 4 ¶ 10. And, Pope claims that in the phone call, she did not "request that [Askmo's mother] pay Askmo's debt." Pope Decl. ¶ 2. In light of such evidence, the Court cannot conclude that Defendant's conduct "show[ed] no regard for conscience" in violation of Section 1692f. *Fogel v. Credit Control, LLC*, No. 22 Civ. 1867, 2023 WL 3739092, at *7 (S.D.N.Y. May 31, 2023).